*FILED IN CLERK'S OFFICE US DISTRICT COURT E.D.N.Y.*
*★ FEB 25 2013 ★*
*BROOKLYN OFFICE*

**FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

SO ORDERED.

/s/ _____
LOIS BLOOM
United States Magistrate Judge

Dated: February 6, 2013
Brooklyn, New York

No objections to the Report and Recommendation have been filed. I therefore accept Magistrate Judge Bloom's Report and Recommendation to dismiss the case for the reasons set forth above. The Clerk of the Court is directed to enter judgment.
SO ORDERED.   2/22/2013

/s/ _____
U.S.D.J.

c/m

5

noncompliance can result in dismissal." <u>Valentine v. Museum of Modern Art</u>, 29 F.3d 47, 49 (2d Cir. 1994).

Plaintiff has failed to appear at two Court-ordered conferences. After failing to appear for the December 18, 2012, conference, the Court re-scheduled the conference for January 15, 2013, and directed plaintiff to show good cause for his failure to appear on December 18, 2012. Plaintiff requested an adjournment of the January 15, 2013 conference the day before the conference was scheduled to happen. In adjourning the conference until February 5, 2013, the Court explicitly warned plaintiff that if he did not timely appear on February 5, 2013, his case would be dismissed. A copy of the Court's Order was sent to the address plaintiff provided to the Court in this case. The order was not returned to the Court and defendants' counsel confirmed that plaintiff had received the Court's order.

Despite the Court's explicit warning that his case would be dismissed, plaintiff failed to appear on February 5, 2013, nor did he contact the Court or defendants' counsel. Plaintiff should not be afforded unlimited opportunities to comply with the Court's orders in this action. Defendants have attended two Court conferences and waited for plaintiff to appear. Defendants should not be required to devote further time and resources to this action. No lesser sanction than dismissal is appropriate under these circumstances.

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiff's action should be dismissed pursuant to Rules 16(f) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure.

4

Plaintiff contacted defendants' counsel and on January 14, 2013, defendants moved on plaintiff's behalf to adjourn the conference. (Docket entry 22.) The Court adjourned the conference until February 5, 2013, but reminded plaintiff that requests to adjourn a scheduled court date must be made forty-eight hours prior to the scheduled conference. (Docket entry 23.) The Court also warned plaintiff for a second time that I would recommend this action be dismissed if he failed to appear at the February 5, 2013, conference. (Id.) On February 5, 2013, counsel for defendants timely appeared for the conference and were prepared to proceed, but plaintiff did not appear. Defendants' counsel confirmed on the record that she had spoken to plaintiff by phone on or around January 14, 2013, to adjourn the January 15, 2013, conference until February 5, 2013, and that plaintiff was aware of the conference. Defendants' counsel further stated that she called plaintiff on February 4, 2013, but was unable to reach him. Plaintiff did not contact the Court or defendants' counsel prior to failing to appear for the February 5, 2013, conference.

## DISCUSSION

Rule 16(f) of the Federal Rules of Civil Procedure provides: "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference." Fed. R. Civ. P. 16(f)(1)(A). Under Rule 37(b)(2)(A)(v), the Court may dismiss the complaint for a party's failure to comply with a Court Order. Fed. R. Civ. P. 37(b)(2)(A) ("[T]he court where the action is pending may issue further just orders . . . includ[ing] the following: . . . (v) dismissing the action or proceeding in whole or in part."). The sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that

3

response to plaintiff's complaint and scheduled an initial pretrial conference for June 13, 2012, pursuant to Fed. R. Civ. P. 16. (Id.) On June 6, 2012, the court noted that although plaintiff was incarcerated at Rikers Island when he commenced this action, a review of the NYCDOC's Inmate Lookup indicated that he was no longer in NYSDOCS custody, and the Court ordered that plaintiff's address on the docket be updated. (Docket entry 7.)

At the initial conference on June 13, 2012, the Court ordered that the Office of the Corporation Counsel provide the full names and correct service addresses for the John and Jane Doe defendants in plaintiff's complaint pursuant to Valentin v. Dinkins, 121 F. 3d 72 (2d Cir. 1997) (per curiam). (Docket entry 9.) The Office of the Corporation Counsel complied with the Court's Valentin order on August 13, 2012, after requesting and receiving one extension of time, (Docket entries 10, 11), and the Court deemed plaintiff's complaint to be amended to include defendants Hanson, Chanlatte, and McDonald in place of the Jane and John Doe defendants. (Docket entry 13.) Defendants answered plaintiff's complaint on November 19, 2012. (Docket entry 16.)

The Court held a status conference in this matter on December 18, 2012. Counsel for defendants timely appeared for the conference and were prepared to proceed. Plaintiff failed to appear at the conference. (Docket entry 19.) Plaintiff did not contact the Court or defendants' counsel to request an adjournment of the December 18, 2012 conference. The Court re-scheduled the conference for January 15, 2012, and ordered plaintiff to show good cause for his failure to appear on December 18, 2012. (Docket entry 20.) The Court warned plaintiff that if he failed to appear on January 15, 2013, I would recommend that his case be dismissed pursuant to Rules 16(f) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure. (Id.)

2

Case 1:12-cv-01433-BMC-LB Document 25 Filed 02/07/13 Page 1 of 5 PageID #: 71

FILED
IN CLERK'S
US DISTRICT CO

★ FEB 07 2013

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ERIC JACKSON,

                Plaintiff,

-against-

CITY OF NEW YORK; CORRECTION OFFICER
HANSON, Shield 13102; CORRECTION OFFICER
CHANLATTE, Shield 9351; and
TREISHA ANN MCDONALD;

                Defendants.
-----------------------------------------------------------X

REPORT AND RECOMMENDATION
12 CV 1433 (BMC)(LB)

C/M
ENDORSEMENT ON PAGE 5

**BLOOM, United States Magistrate Judge:**

    Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging that defendants denied him adequate medical care at Rikers Island. Plaintiff failed to appear at two Court-ordered conferences. After he failed to appear at a conference on December 18, 2012, I rescheduled the conference and warned plaintiff that if he failed to appear on the rescheduled date, I would recommend that this action should be dismissed. As Plaintiff failed to appear on February 5, 2013, as ordered, it is respectfully recommended that plaintiff's action should be dismissed pursuant to Rules 16(f) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure.

## BACKGROUND

    Plaintiff commenced this *pro se* action on March 19, 2012, against Department of Corrections and three John and Jane Doe defendants, alleging that while in NYCDOCS custody he was assaulted by other inmates and denied adequate medical treatment for both his resulting injuries and preexisting conditions. (Docket entry 1.) By order dated May 22, 2012, the Court substituted defendant City of New York in place of NYSDOCS and granted plaintiff leave to proceed *in forma pauperis*. (Docket entry 4.) The Court stayed defendant City of New York's

1